FRANK W. FOURNIER, EXECUTIVE DIRECTOR OF THE A.A.C.A., ETC., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, Respondent.

No. O-70-292.     Decided May 10, 1971.

*Jorge L. Oppenheimer Méndez, Elba Canales Mattina,* and *Edwin A. Hernández Rodríguez* for petitioners.

PER CURIAM: The Automobile Accident Compensation Administration granted benefits amounting to $3,888.85 to the minor beneficiaries of the deceased Arturo Figueroa Meléndez, who died as a consequence of an automobile accident. At the request of the father of said minors, the trial court entered an order against the Administration's Executive Director, ordering him, under pain of contempt, to deposit with the Office of the Clerk the amount of $3,888.85.

Section 5(1)(c) of the Automobile Accident Social Protection Act, Act No. 138 of June 26, 1968, 9 L.P.R.A. § 2055, provides that the death benefits shall be paid at the rate of $50 weekly, authorizing the Director to make greater weekly payments or the liquidation of the benefit in one single sum, when it is shown that it will redound in benefit of the victim or of his beneficiaries. In cases, like the one at bar, where the amount of the benefit is more than $1,000 the Administration may require from the beneficiaries that they use said benefit

for the purchase of a farm or house or to acquire a productive business or to make any other profitable investment.

Pursuant to these provisions, the determination as to the liquidation of the benefits in one single sum rests initially with the Administration. It is a question, as we stated in *Commonwealth* v. *12,974.78 Square Meters*, 90 P.R.R. 494, 499 (1964), of priority of jurisdiction, where the law expressly reserved primary jurisdiction to the Administration and which the courts should observe strictly in honor of a greater harmony and coordination between the administrative agencies and the Judicial Branch.

The trial court disregarded these provisions invading the primary jurisdiction of the Automobile Accident Compensation Administration in entering the order appealed from, for which reason said order cannot prevail.

In the light of the foregoing the order appealed from will be reversed.